[Goodson v. Brothers, Admr.]

# Goodson v. Brothers, Admr.

*Statutory Action of Ejectment.*

| | |
|---|---|
| 111 | 589 |
| 127 | 461 |
| 128 | 582 |
| 111 | 589 |
| 137 | 336 |
| 111 | 589 |
| 141 | 458 |
| 141 | 460 |
| 111 | 589 |
| e143 | 454 |
| 143 | 458 |
| 143 | 459 |
| 111 | 589 |
| 144 | 523 |
| 144 | 528 |

1. *Jury; right to demand struck jury.*—After the parties to a suit have announced ready for trial, and a jury has been empannelled and accepted by the plaintiff, the defendant is not then entitled, as a matter of right, to demand a struck jury; and the court does not err in refusing a demand for a struck jury made at such time.

2. *Adverse possession; what are the elements thereof.*—To constitute adverse possession there must be (1) such possession as the land reasonably admits of; (2) openness and notoriety and exclusiveness of possession; (3) hostility toward everybody else in respect of the possession; (4) holding the possession under a claim of right or claim or color of title; and (5) continuity of such possession for the statutory period of ten years.

3. *Same; what constitutes possession.*—The possession that will ripen into title by adverse holding by being such as the land reasonably admits of, is gauged by the actual state of the land and not with reference to its capab'lity of being changed into another state which would reasonably admit of a different character of possession; and for the existence and exercise of such possession of land which is uninclosed and uncultivated, it is not necessary that it should be inclosed and cultivated merely because it is capable of inclosure and cultivation; and in reference to such land evidence that the party claiming under adverse possession cut fire wood and sold timber therefrom and allowed others to cut wood from it is competent and admissible as tending to show such possession.

4. *Same; open, exclusive, notorious and hostile possession.*—Openness and exclusiveness and notoriety and hostility of possession are shown by such acts as would ordinarily be performed by the true owner in appropriating the land and its avails to his own use, and in preventing all others from the use thereof as far as reasonably practicable.

5. *Same; claim of right and color of title.*—A claim of right or ownership, as a basis for a claim of adverse possession, may rest upon the fact shown by parol that the party has purchased the land, while a claim or color of title, for a like purpose, may be shown by any paper purporting to convey the land or the right to its possession, however lacking in the essentials of a muniment of title, provided always the party claims under it in good faith.

6. *Same; ejectment; evidence of general reputation of ownership not admissible.*—In an action of ejectment, where the plaintiff claims by adverse possession, his title can not be established by showing that

[Goodson v. Brothers, Admr.]

the land sued for was generally known and understood in the community as belonging to plaintiff; and evidence of such reputation and general understanding is incompetent and inadmissible.

7. *Same; same; parol evidence of sale of land as plaintiff's by sheriff inadmissible.*—In an action of ejectment, where plaintiff claims title by adverse possession, parol evidence that the land sued for was sold at sheriff's sale as plaintiff's is inadmissible; there being better evidence of such fact.

8. *Same; extent thereof as to real owner.*—Possession, to be adverse need not be so open, continuous and notorious as necessarily to be seen and known by the real owner, if he should casually go upon the land.

9. *Same; continuity not broken by sheriff's sale.*—Where, while a person is in adverse possession of land, the sheriff sells it under an execution levied thereon, but the person remains in possession, the continuity of his possession is not broken by such sale and the execution of a deed of the land by sheriff to the purchaser; and if the statute of limitations had already commenced to run, it is not intercepted by such sale.

10. *Same; acts of ownership by permission of adverse holder.*—Acts of ownership exercised over land, by third persons with the permission of one who claims the land by adverse possession are admissible in evidence to show adverse possession by such party claiming the land.

APPEAL from the City Court of Anniston.
Tried before the Hon. B. F. CASSADY.

This was a statutory action of ejectment, brought by D. P. Gunnels against J. A. and M. A. Goodson. Upon motion, J. J. Swope was admitted to defend as landlord of Goodson. J. A. Goodson filed a plea of disclaimer and M. A. Goodson and J. J. Swope filed a plea of the general issue, and upon this plea issue was joined and trial was had.

After the parties had announced ready for trial, and the jury had been empannelled and accepted by the plaintiff, the defendants' attorney demanded a struck jury, which was refused; and to this ruling the defendant duly excepted.

The plaintiff as a witness in his own behalf, testified that he went into possession of the land sued for December 1, 1862. He was asked: "Did you purchase the land?" To this defendants objected, and duly excepted to the court's overruling their objection; and upon the witness answering that he did purchase the land, the defendant moved the court to exclude the answer, and excepted to the court's overruling the motion. This ruling of the

[Goodson v. Brothers, Admr.]

court constituted the ground of the fourth assignment of error.

The plaintiff as a witness was then asked : "From whom did you buy the land?" The defendants objected to this question, and duly excepted to the court's overruling their objection ; and upon the plaintiff answering "from Pinkney Harrison, who made me a deed," the defendants moved to exclude the answer, and duly excepted to the court's overruling the motion. This ruling constitutes the basis of the fifth assignment of error.

The plaintiff then offered in evidence a bond for title from Pinkney Harrison to William Witt, which bond for title was neither witnessed nor acknowledged, but was transferred by Witt to the plaintiff. The defendants objected to this bond for title being introduced in evidence, on the ground that it was not witnessed, and because the transfer thereof was not witnessed. Upon plaintiff testifying "that he saw Witt sign the transfer," the court overruled the defendants' objection and allowed the bond for title to be introduced in evidence, and to this ruling the defendants duly excepted. This ruling constitutes the basis of the sixth assignment of error.

The plaintiff was allowed against the objection and exception of the defendants to testify that Witt signed the transfer to him ; and plaintiff then offered in evidence a deed from Pinkney Harrison to plaintiff, and another deed from Ware and Ware to Harrison ; these deeds conveying the lands in controversy. The plaintiff then offered a transcript of a judgment against the plaintiff and the sheriff's deed to Higgins. The defendants objected to the introduction of the sheriff's deed in evidence, on the ground that the deed did not describe the land sued for, and because it had been altered, by changing the description of the land from the N. E. ¼ to the S. E. ¼. This objection was overruled, and the defendants duly expected. This ruling constitutes the ground of the seventh assignment of error.

The plaintiff then offered in evidence a deed from Higgins to Cunningham, and a deed from Cunningham to plaintiff. The defendants objected to the introduction of each of these deeds in evidence, upon the same grounds of objection as to the introduction of the sheriff's deed in evidence. The plaintiff testified in this

connection that he had made this change in the description of the land in order to make the deed properly describe the lands intended to be conveyed thereby. The court overruled the defendants' objection to the introduction in evidence of these deeds, and the defendants excepted. This ruling constitutes the basis of the ninth assignment of error.

The plaintiff then testified that the land in controversy was broken and rocky, that only 10 or 15 acres had ever been cleared, and had been cultivated; that in the spring of 1865 the fences had been burned, and the land had never been inclosed since; that he never lived on said land or had a tenant on it, but that he cut fire wood from it, and sold timber from it, and had allowed other people to cut wood therefrom, and in the year 1869 had allowed a house to be built thereon; that he had paid taxes on said land since he received his first deed, and had had the lands surveyed; and that he had claimed the land ever since he had received his first deed, and that it was generally known and considered as belonging to him. To this last statement the defendants duly excepted, and moved the court to exclude it from the evidence. The court overruled the objection and motion, and the defendants duly excepted. This ruling constitutes the basis of the twelfth assignment of error.

Against the objection and exception of the defendants, the plaintiff was allowed to testify "that Smart's name, as a witness to deed from Harrison to plaintiff was in Smart's hand-writing." The court overruled the defendants' motion to exclude these statements, and the defendants duly excepted. This constitutes the ground for the eleventh assignment of error.

The evidence for the defendant tended to show that George Swope, the father of the defendant J. J. Swope, owned the land and lived on it from 1851 to 1858, when he died; that J. J. Swope is his only heir; that the land had always been known as the Swope land. One of the witnesses for the defendants testified that in 1875 he tried to purchase the land in controversy from the plaintiff, but that the plaintiff told him he could nor make him title to the land, as he did not own it. There was other evidence for the defendants tending to show that there had been no acts of ownership over the lands by the plaintiff for five or ten years preceding the trial,

but that the land had been known aud occupied from the time of George Swope's death as the Swope land.

The bill of exceptions contains this recital as to the evidence stated therein: "This being all the evidence and rulings excepted to as error, the defendant now tenders," &c.

At the request of the plaintiff, the court gave to the jury the following written charge: (3.) "The court charges the jury that if at the time of the sale by the sheriff, Gunnells was in the adverse possession of the land, aud his possession was not changed after such sale, but he remained in possesion afterwards, and up to, the time of Goodson's entry on the land, that the continuity of his possession was not broken by the sheriff's sale and the deed executed by the sheriff, and if the statute was running in favor of Gunnells at the time of said sheriff's sale, that said sale did not stop the running of the statute in Gunnell's favor." The defendants duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by them: (1.) "The court charges the jury that selling timber on lands, either by party claiming land, or by others with his permission, is not sufficient to ripen into title by adverse possession, when the land admits of cultivation by nature." (2.) "The court charges the jury, that acts of ownership done by party on land, with mere permission of party claiming land and not done by such party as tenant, can not be shown as evidence to sustain the claim of adverse possession, made by party claiming the land." (7.) "The court charges the jury, that acts of ownership exercised by parties with permission of party who sets up claim to the land by adverse possession, are not evidence to show adverse possession by such party claiming the land." (8.) "The court charges the jury, that cutting timber by parties with permission of plaintiff, but not as his tenant, is not evidence of plaintiff's claim of adverse possession, nor is it admissible to put the legal owner on notice of such adverse holder's claim." (9.) "The court charges the jury, if they believe the evidence they must find for the defendant." (10.) "The court charges the jury, that general reputation as to who owns the land, is not evidence to show plaintiff's title by adverse possession."

38

(11.) "The jury can not find for the plaintiff, Gunnells, in this case, unless the adverse possession of Gunnells was so open, so continuous and notorious, as would be seen and known by the real owner, if he should go upon the land."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

While the appeal was pending in this court, the death of the appellee was suggested, and upon leave being granted, the cause was revived as against Samuel D. G. Brothers, administrator of the estate of G. P. Gunnells, deceased.

SAVAGE & COLEMAN, for appellant.—1. The court erred in not granting the demand of the defendant for a struck jury.—Code of 1886, § 2752; *McArthur v. Carrie,* 32 Ala. 75.

2. The undisputed evidence shows that George Swope, the ancestor of defendant, J. J. Swope, owned the lands prior to Gunnells' entry, and never parted with the title. Gunnells does not connect himself with the legal title and relies on adverse possession under color of title. The burden is on him to show every element of such title. The testimony tends to show that Gunnells went into possession December 1, 1862. The land, since his possession has never been occupied by himself or tenant, and never inclosed or cultivated. The uncontroverted evidence further shows that part of the land was cleared and susceptible of cultivation. The acts of ownership exercised by plaintiff were insufficient to confer title. The plaintiff does not show an unbroken continuity for a period of ten years.—*Rives v. Thompson,* 46 Ala. 338; *Wiggins v. Kirby,* 106 Ala. 262; Sedgwick & Wait, Trial Titles, p. 577, § 734; *Murray v. Hoyle,* 97 Ala. 588. The court erred in admitting the sheriff's deed. The transcript of judgment and proceedings were excluded and there was no predicate for the deed. *Barclay v. Plant,* 50 Ala. 509. Also the evidence shows that plaintiff changed the description of the land, and it would not be permissible for him to offer it as color of title.—*Ala. State Land. Co. v. Thompson,* 104 Ala. 570; *Lucy v. Tenn. & Coosa R. R. Co.,* 92 Ala. 246. The same

objection applies to deeds of Higgins and Cunningham. The court should not have allowed plaintiff to say he bought the land from Pinkney Harrison. There was better evidence.—*Bell v. Denson*, 56 Ala. 444. The plaintiff and other witnesses should not have been allowed to say the land was generally known and considered to belong to plaintiff.—*Ross v. Goodwin*, 88 Ala. 390; *Benje v. Creagh*, 21 Ala. 151.

MATTHEWS & WHITESIDE, *contra*.—The demand of the defendant for a struck jury came too late, and there was no error in the court's refusal to grant it.—*McArthur v. Carrie*, 32 Ala. 84. The plaintiff's title was sufficiently proved by the evidence in the case. It was shown that the plaintiff held the land under adverse possession. When adverse holding is once shown it is presumed to continue in the absence of proof to the contrary.—*Hollingsworth v. Walker*, 98 Ala. 543.

McCLELLAN, J.—Defendant's demand for a struck jury was made after the parties had announced themselves ready for trial, and a jury to try the case had been put in the box and accepted by the plaintiff. Under these circumstances, the court was not bound to grant, and did not err in refusing, the demand.—*McArthur v. Carrie's Admr.*, 32 Ala. 75.

The plaintiff claimed title to the land through adverse possession of ten years or more, under claim of ownership and color of paper title. The elements of such a title are (1) such possession as the land reasonably admits of; (2) openness and notoriety and exclusiveness of possession; (3) hostility toward everybody else in respect of the possession; (4) holding the possession under a claim of right or claim or color of title; and (5) continuity for the statutory period of ten years. To the constitution of the first element—such possession as the land reasonably admits of—it is not necessary that land which is uninclosed and uncultivated should be inclosed and cultivated merely because it was capable of inclosure and cultivation; the possession is gauged by the actual state of the land and not with reference to its capability of being changed into another state which would reasonably admit of a different character of possession. Openness and notoriety and exclusiveness of

possession are shown by such acts in respect of the land in its condition at the time as comport with ownership—such acts as would ordinarily be performed by the true owner in appropriating the land or its avails to his own use and in preventing others from the use of it as far as reasonably practicable ; and near akin to these are the acts evidencing the element of hostility toward all the world. A claim of right or ownership may rest upon the naked fact shown by parol that the party has purchased the land ; and a claim or color of title may be shown by any paper purporting to convey the land or the right to its possession into the party asserting adverse possession, however, and for whatever reason, such paper might be lacking in the essentials of a muniment of title, provided the party claims under it in good faith. These principles determine the 4th, 5th, 6th, 7th, 9th, 11th and 12th assignments of error against the appellant.

It is not competent to show by reputation and general understanding in the neighborhood that a plaintiff in this class of actions *owned* or *had title to* the land. The court, therefore, erred in allowing the plaintiff and other witnesses to testify that "the land was generally known and considered as belonging to the plaintiff," that "it was understood and known in the community as plaintiff's land," and the like.—*Benje v. Creagh's Admr.*, 21 Ala. 151; *Woodstock Iron Co. v. Roberts*, 87 Ala. 436, 442; *Ross v. Goodwin*, 88 Ala. 390.

The court also erred in allowing the witness W. F. Higgins to testify that the land was sold at sheriff's sale as plaintiff's land. There was necessarily better evidence of this fact.—*Bell v. Denson*, 56 Ala. 444.

In view of the uncertainty as to whether the bill of exceptions sets out or purports to set out all the evidence, we shall enter upon no consideration of the propriety of the court's action in refusing the affirmative charge requested by the defendants.

Charge 10 requested by defendants, "that general reputation as to who owns the land, is not evidence to show plaintiff's title by adverse possession," should, on the considerations adverted to above, have been given.

A possession to be adverse, need not be so open, continuous and notorious as necessarily to be seen and

known by the owner if he should casually go upon the land. Charge No. 11 requested by defendant, was, therefore, properly refused.

We find no error in the action of the court in giving charge 3 for plaintiff, or in refusing charges 1, 2, 7 and 8 requested by defendants.

Reversed and remanded.