# Louisville & Nashville R. R. Co. v. Ratliffe

*Crossing Accident..*

(Decided June 30, 1909.   Rehearing denied Dec. 16, 1909.
51 South. 335.)

1. *Jury; Struck Jury; Time to Demand.*—It is too late to demand a struck jury when the organization of the jury for the trial of the cause has been entered upon.   (Sec. 4635, Code 1907.)

2. *Evidence; Expert; Qualification; Objection.*—The suit was against the railroad company for killing a pedestrian, who had been knocked down by an engine, and a witness for plaintiff had been asked several questions as to the distance within which an engine circumstanced and conditioned as this was could be stopped; objections were urged to the question and answer as being immaterial and irrelevant; defendant cross-examined him as to his competency and then entered motion to exclude his testimony as to the space within which the engine could be stopped on the ground that he was not shown to have knowledge, and the motion was overruled.   Held, the questions as to his qualifications to testify as an expert was not raised by proper objections, and that there was no error in overruling the objections made.

3. *Railroads; Persons on Track; Wilful or Wanton Negligence; Jury Question.*—Under the evidence in this case, it was a question for the jury as to whether or not defendant was wilfully or wantonly negligent in striking plaintiff's intestate with his engine.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Squire Ratliffe, as administrator, against the Louisville & Nashville Railroad Company, for the death of plaintiff's intestate.   From a judgment for plaintiff, defendant appeals.   Affirmed.

The second count of the complaint alleges that plaintiff's intestate was walking along defendant's railroad track in New Decatur, Ala., at or near a public street crossing, known as "Gordon Drive," at which point the electric cars of the North Alabama Traction Company cross the track of the Louisville & Nashville Rail-

road Company, and which is a popular crossing; that while plaintiff's intestate was so on said railroad track an engine belonging to defendant was forcibly propelled against plaintiff, knocking her down. It is then alleged that the agent or servant willfully or wantonly propelled said engine against plaintiff. A great many questions were propounded to the witness Eskridge as to the distance within which an engine circumstanced as this one was could be stopped, and as to the condition of the engine, etc. Objections were urged to these questions and answers as being irrelevant and immaterial. In cross-examination the witness testified that he had never had any practical experience in operating a locomotive engine; that he never ran one; that he never had occasion to make application of the air and reverse lever on a locomotive that was being run; that he could not say whether or not "the engines I have seen operated were constructed as this one was" and had the same appliances that one did, and that they were in the same condition. The bill of exceptions then recites: "Defendant moves to exclude this witness's testimony as to the space this engine could have been stopped, because he is not shown to have knowledge. The court overruled this motion, and the defendant duly excepted."

JOHN C. EYSTER, and LOWE & TIDWELL, for appellant.—The court erred in denying plaintiff a struck jury.—Sec. 4635, Code 1907; *Goodson v. Brothers,* 20 South. 443. The witness was not competent to testify as an expert, and the court erred in permitting him to do so.—*A. G. S. v. Burgess,* 119 Ala. 555; *Bir. Nat. v. Bradley,* 116 Ala. 114; *Torrey v. Berney,* 113 Ala. 494. The court should have given the general charge as to count 2.—*N. C. & St. L. v. Harris,* 144 Ala. 249; s. c.

[Louisville & Nashville R. R. Co. v. Ratliffe.]

44 South. 962; *Snyder v. Mobile L. Co.*, 32 South. 761; *Bir. R. & E. Co. v. Bowers*, 20 South. 345; *L. & N. v. Brown*, 121 Ala. 226.

CALLAHAN & HARRIS, for appellee.—Defendant's demand for a struck jury came too late.—*McArthur v. Carrie*, 32 Ala. 75. The court did not err in the admissions of evidence.—McKelvy on Evid. 182; *Southern Ry. v. Forrester*, 48 South. 69; *Southern Ry. v. Gullatt*, 48 South. 472; *Bir. R. L. & P. Co. v. Randall*, 149 Ala. 539. The objection did not properly raise the question. —*A. G. S. v. Bailey*, 112 Ala. 176; *Stewart v. Mitchum*, 135 Ala. 551. The question of wantonness was one for the jury, and the affirmative charge was properly refused.—*Southern Ry. v. Burgess*, 42 South. 38; *Holmes v. Bir. South.*, 37 South. 338; *Bryant v. Southern*, 137 Ala. 491; *Southern Ry. v. Bush*, 122 Ala. 287; *Southern Ry. Co. v. Shelton*, 136 Ala. 191; *M. J. & K. C. R. R. Co. v. Smith*, 45 South. 57; *Bir. R. L. & P. Co. v. Williams*, 48 South. 93.

SIMPSON, J.—This action was brought, by the appellee against the appellant, for damages on account of the death of appellee's intestate. After the court had asked the plaintiff to pass upon the jury, and the plaintiff had challenged one juror, the defendant demanded a struck jury, which was refused for the reason that the demand came too late. Section 4635 of the Code of 1907 gives to each party the right to demand and have a struck jury. This court held that, if this demand is not made "until the organization of the jury has been entered upon, the court is not bound to grant the request."—*McArthur v. Carrie, Adm'x*, 32 Ala. 75, 84, 70 Am. Dec. 529. The demand in this case came too late, and the court properly refused it. The case of

*Goodson v. Brothers, Adm'r,* 111 Ala. 589, 20 South. 443, does not conflict with the case cited, but merely holds that it is too late to demand a struck jury after the jury has been accepted by the plaintiff.

The question as to the qualifications of the witness Eskridge to testify as an expert was not, in the opinion of this court, raised by proper objections.—*Brumley v. Flint,* 87 Cal. 471, 25 Pac. 683. Consequently there was no error in overruling the objections made.

. There was no error in the refusal to give the general affirmative charge, in favor of the defendant, as to the second count of the complaint. There was evidence from which the jury could infer that those in charge of the engine saw the intestate in a. perilous position for a sufficient length of time to have prevented the injury by the use of ordinary care. That perilous position consisted in the facts that she was engaged in picking up papers near and on the track, apparently unconscious of the approach of the train, moving towards the track when first seen, and sometimes moving along the ends of the cross-ties, near enough to be struck by the overhanging side of the engine, again leaning over the track to pick up papers, and even stepping in between the rails and moving out again. The position and apparent unconcern of the intestate was sufficient to call for extra care, and it was not sufficient to merely request the switchman standing on the running board to look out for her, when the circumstances were such as to indicate that she, from some cause being unmindful of the approach of the engine, was liable at any moment to step onto the track, when it would be too late to stop the engine.

The next and last insistence of the appellant is that the court erred in overruling the motion to set aside

the verdict on the ground that it is a quotient verdict. The judgment of the court is affirmed .

Affirmed.

DOWDELL, C. J., and DENSON and MAYFIELD, JJ., concur.

