66 So.2d 463

**WOODY v. CHANDLER.**

8 Div. 87.

Court of Appeals of Alabama.

June 23, 1953.

Claude H. Pipes, Huntsville, for appellant.

Griffin, Ford, Caldwell & Ford, Huntsville, for appellee.

PRICE, Judge.

There was a verdict and judgment in favor of the plaintiff for $278.32 in the court below. Defendant appeals.

Appellant argues for reversal the grounds of the motion for a new trial asserting that defendant was required to strike a jury from a panel of jurors less than twenty-four in number, contrary to the provisions of section 54, Title 30, Code 1940.

The only evidence appearing in the record is that offered in support of the motion for a new trial. As exhibit 1 to the testimony of Mrs. Daye, Clerk of the Circuit Court, defendant introduced his plea of the general issue in short by consent, showing a demand by the defendant for a jury trial. Mrs. Daye testified that on the trial of the cause a jury list containing the names of sixteen jurors was furnished the parties. Defendant offered the list as exhibit 2 to her testimony. This witness testified on cross-examination that she did not think defendant objected to the list and did not recall that anything was said about it and the first time she knew there was any objection to the number of jurors appearing on the list was at the time of the filing of the motion for a new trial.

When a struck jury is demanded in civil cases each party is entitled to a full panel of twenty-four competent jurors. Section 54, Title 30, Code 1940; Morris v. McClellan, 169 Ala. 90, 53 So. 155; Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So.2d 106.

Our courts have held that the refusal of the court to grant a request for a struck jury under Section 54, supra, is not error if the demand is not made until after the organization of the jury for the trial is entered upon. McArthur v. Carrie's Adm'r, 32 Ala. 75; Goodson v. Brothers, 111 Ala. 589, 20 So. 443; Louisville & Nashville R. R. Co. v. Ratliffe, 164 Ala. 147, 51 So. 335. But that the court may, in the exercise of its sound discretion, make an order granting a struck jury after the proper time for making the demand has elapsed. Birmingham Water Works Co. v. Barksdale, 227 Ala. 354, 150 So. 139.

Section 54, Title 30, Code 1940, is as follows:

"In all civil actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the clerk with a list of twenty-four jurors in attendance upon the court, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; provided, that in all judicial circuits having not more than two judges, the court shall require to be made two lists of all the jurors in attendance upon the court, who are competent to try the case, and not engaged in the trial of some other case, which list shall in no event contain less than twenty-four jurors, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing; and the jury thus obtained must not be challenged for any cause, except bias or interest as to the particular case."

The case was tried in the Twenty-third Judicial Circuit, Madison County being the only County in the Circuit, and not having more than two Judges.

It is the contention that the proviso in said section relating to circuits not having more than two Judges makes it mandatory for the trial court to comply strictly with its provisions when a jury is demanded for the trial of a civil cause, and the court's failure to furnish a list of at least twenty-four competent jurors constituted reversible error.

Such contention is without merit. By his failure to object, or to otherwise call the court's attention to his dissatisfaction with the list of jurors submitted to him, and by proceeding to strike from said list, defendant waived the right to be fur-

240

nished a full panel of not less than twenty-four competent jurors.

 He likewise waived his right to the peremptory challenges allowed him under section '53 of said title by his failure to take advantage of such right on the trial.

The motion for a new trial was properly overruled.

The judgment of the lower court is affirmed.

Affirmed.