Rel: March 27, 2026

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of Southern Reporter. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in Southern Reporter.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2025-2026

————————————————

### SC-2025-0599

————————————————

**Highland Rim Investments, LLC, and Monique Dollone**

**v.**

**Kindra Cooper**

————————————————

### SC-2025-0621

————————————————

**Highland Rim Investments, LLC**

**v.**

**Kindra Cooper**

**Appeals from Madison Circuit Court
(CV-22-900037)**

WISE, Justice.

In case number SC-2025-0599, Highland Rim Investments, LLC, and Monique Dollone appeal from a judgment, based on a jury's verdict, entered against them and in favor of Kindra Cooper by the Madison Circuit Court.[1]  In case number SC-2025-0621, Highland Rim appeals from the trial court's order appointing a receiver over Highland Rim.  We reverse the trial court's judgment in favor of Cooper and its order appointing a receiver over Highland Rim.

Facts and Procedural History

This case arose from a May 12, 2021, sales contract pursuant to which Cooper agreed to purchase a house in Madison County ("the property") from Highland Rim.  At the time,  Thomas Rohrbacher was the sole member of Highland Rim and his wife, Dollone, was the manager of Highland Rim.  The parties entered into three agreements to extend

---

[1]The notice of appeal in case number SC-2025-0599 also listed Thomas Rohrbacher and M International, LLC, as appellants.  Cooper submitted to the jury only claims of misrepresentation and suppression against Rohrbacher and M International.  The jury found in favor of Rohrbacher and M International as to those claims, and the trial court entered a judgment in their favor on those claims.  The trial court subsequently granted Cooper's motion to pierce the corporate veil of Highland Rim as to Rohrbacher.  However, Rohrbacher has not presented any argument challenging the trial court's decision to pierce the corporate veil.  We have changed the style of this appeal accordingly.

the closing date because Highland Rim was not able to close. However, the closing never took place.

On January 11, 2022, Cooper filed a "Complaint for Specific Performance, Declaratory Judgment & Damages" against Highland Rim and various fictitiously named defendants in the trial court. Cooper asserted breach-of-contract claims in which she asked the trial court "[t]o determine and declare the rights and obligations of the parties" under the sales contract, requested specific performance of the sales contract, and requested damages. Cooper subsequently amended her complaint several times. In those amendments, she added Rohrbacher, Dollone, M International, Inc., and the Rohrbacher Trust dated May 16, 2011 ("the trust"), as additional defendants. She also added claims of unjust enrichment, suppression, reckless misrepresentation, fraudulent misrepresentation, innocent misrepresentation, and deceptive trade practices against all the defendants. Cooper also included a count in which she sought to "pierce the corporate veil of Highland Rim, LLC, and hold the individual Defendants, Thomas J. Rohrbacher and Monique Dollone, liable for all acts and omissions attributable to Highland Rim."

3

During the course of the litigation, the trial court dismissed Cooper's claims of unjust enrichment and deceptive trade practices.

A jury trial was conducted on Cooper's claims of breach of contract, suppression, reckless misrepresentation, fraudulent misrepresentation, and innocent misrepresentation. At the conclusion of Cooper's case, the trial court granted the defendants' motion for a judgment as a matter of law in favor of the trust. The defendants stipulated that Highland Rim breached the sales contract, and the issue of damages was submitted to the jury. As to the breach-of-contract claims, the jury awarded Cooper $7,500 in compensatory damages against Highland Rim. As to the suppression and the various misrepresentation claims, the jury found in favor of Rohrbacher and M International and against Cooper (see note 1, supra); however, the jury found in favor of Cooper and against Highland Rim and Dollone. It awarded Cooper $300,000 in compensatory damages. It also found that the "false statement(s) and concealment(s)" by Highland Rim and Dollone were reckless and awarded Cooper $50,376.47 in punitive damages. The trial court entered a final judgment on the jury's verdict. It also awarded Cooper $205,984.82 for legal fees and expenses.

The defendants filed various postjudgment motions, which the trial court denied without a hearing. On August 15, 2025, the defendants filed a notice of appeal, which this Court docketed as case number SC-2026-0599 (see note 1, supra).

After the trial, Cooper filed her "Plaintiff's Motion to Pierce the Corporate Veil & Hold Thomas Rohrbacher Individually Liable for the Judgment Entered Against Highland Rim Investments, LLC," which the trial court granted. Cooper also filed a motion "to appoint a receiver to manage, oversee and preserve the fiscal health of Highland Rim Investments, LLC until the Judgment owed to [Cooper] is satisfied in full." The defendants filed responses in opposition to Cooper's motion to appoint a receiver. On August 22, 2025, the trial court entered an order appointing a receiver "to manage, oversee and preserve the fiscal health of the Defendant Highland Rim Investment, LLC until the judgment owed to [Cooper] is satisfied in full." On August 26, 2026, Highland Rim filed a notice of appeal from the trial court's order appointing a receiver, which this Court docketed as case number SC-2025-0621.

## Discussion

5

Highland Rim and Dollone ("the judgment defendants") argue that "[t]he trial court erred when it failed to ensure that [they] had a jury venire of at least 24 qualified and competent jurors from which to exercise their peremptory strikes." Judgment defendants' briefs, p. 41.

Rule 47(b), Ala. R. Civ. P., provides, in pertinent part:

"Regular jurors shall be selected from a list containing the names of at least twenty-four (24) competent jurors and shall be obtained by the parties or their attorneys alternately striking one (1) from the list until twelve (12) remain, the party demanding the jury having the first strike.

"The court may direct that not more than six (6) jurors in addition to the regular jury be called and impaneled to sit as alternate jurors. Alternate jurors shall have the same qualifications, shall be subject to the same examination, shall take the same oath, and shall have the same functions, powers, facilities, and privileges as regular jurors. Unless the parties agree otherwise, the parties shall be entitled to strike from a list containing the names of three (3) competent jurors for each alternate juror required in addition to at least twenty-four (24) competent jurors required for a regular jury."

Section 12-16-76, Ala. Code 1975, provides, in pertinent part:

"If, prior to commencement of striking, due to challenges for cause or for any other reason, the number of names on the lists from which the parties are to strike is reduced below the minimums established in Rule 18.4, Alabama Rules of Criminal Procedure, in criminal cases or Rule 47, Alabama Rules of Civil Procedure, in civil cases, unless the parties agree to strike from such lesser number, the court shall fill the deficiency first from the remaining available petit jurors sworn. If the number of available petit jurors sworn is

6

insufficient to fill the deficiency, the remaining deficiency shall in the discretion of the court be filled by waiting until other petit jurors sworn become available or by randomly drawing or causing to be provided from the master jury list at least twice the number of names needed to fill the deficiency remaining. The court shall forthwith cause to be summoned all prospective jurors thus drawn in any of the manners set forth in this section. The names of those persons found competent to hear the case shall be added to the strike list in at least the number necessary to fill the deficiency."

In this case, the parties were presented with a list of 24 prospective jurors at the start of the jury-selection proceedings. Initially, the trial court granted the defendants' challenges for cause regarding two prospective jurors. While the trial court was still considering the defendants' challenges for cause regarding two additional prospective jurors, the following occurred:

"[DEFENDANTS' COUNSEL:] ... The other issue I raise at this time, we only had twenty-four people in the pool. I think by statute, we're guaranteed twenty-four competent jurors. And being that at least two of them, potentially four, are not competent, I'm not sure that we've been provided a competent venire.

"THE COURT: Denied. ..."

Subsequently, the trial court removed a third prospective juror for cause based upon the agreement of the parties, but it denied the defendants' challenge for cause as to a fourth prospective juror. Ultimately, there

7

were 21 remaining prospective jurors at the time the jury was struck.

After the jury was struck, but before the jury was sworn, defendants' counsel stated:

> "I just want to renew and make sure that I am clear about my objection to the sufficiency of the venire, we object on the basis that twenty-four competent jurors were not provided for us to select from, we believe that prejudices our ability to defend ourselves in the case."

The trial court ultimately overruled that objection.

In this case, there were only 21 prospective jurors remaining at the commencement of the striking of the jury, which is below the required minimum set forth in Rule 47.[2]  This Court addressed a similar situation in <u>Hall v. Dexter Gas Co.</u>, 277 Ala. 360, 170 So. 2d 796 (1964):

> "The appellant asserts that the trial court erred in requiring him to strike from a jury list containing only twenty-three names.  The record contains the following entry:

---

[2]We note that the trial court also utilized one alternate juror.  Rule 47(b) provides, in pertinent part:  "Unless the parties agree otherwise, the parties shall be entitled to strike from a list containing the names of three (3) competent jurors for each alternate juror required in addition to at least twenty-four (24) competent jurors required for a regular jury."  Thus, the parties were entitled to strike from a list of at least 27 competent prospective jurors.  However, at trial and on appeal, the judgment defendants argue only that they were entitled to a list of 24 competent prospective jurors.

"'THE COURT: Mr. Reporter, let the Record show that when the case was ready for trial it turned out that there were only twenty-three jurors in Court and counsel for the plaintiff insisted that there be twenty-four jurors. Wherepon, counsel for the defendant said there would be eleven strikes left and that they would give the plaintiff six strikes and they would take five and the Court being of the opinion that if there was another juror the only other strike there would be, would be six, and he is getting six and that the motion to summons another juror is denied, and the plaintiff duly and legally excepts thereto.'

"Section 54, Title 30, Code 1940,[3] reads:

"'In all civil actions triable by jury, either party may demand a struck jury, and must thereupon be furnished by the clerk with a list of twenty-four jurors in attendance upon the court, from which a jury must be obtained by the parties or their attorneys alternately striking one from the list until twelve are stricken off, the party demanding the jury commencing; provided, that in all judicial circuits having not more than two judges, the court shall require to be made two lists of all the jurors in attendance upon the court, who are competent to try the case, and not engaged in the trial of some other case, which list shall in no event contain less than twenty-four jurors, from

_____

[3]Title 30, § 54, Ala. Code 1940, was the precursor to § 12-16-140, Ala. Code 1975, which previously governed the selection of jurors. This court has noted that § 12-16-140 "authorized a method of jury selection from a list of 24 -- no more and no less" -- and that Rule 47(b) now governs the selection of jurors. Wallace v. Alabama Power Co., 497 So. 2d 450, 454 (Ala. 1986) .

9

which a jury must be obtained by the parties or their attorneys alternately striking one from the list until only twelve remain on the list, the party demanding the jury commencing; and the jury thus obtained must not be challenged for any cause, except bias or interest as to the particular case.'

"In Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So. 2d 106 [(1948)], we observed that the parties in a civil case cannot be required to strike from a list which does not contain the names of twenty-four competent jurors. To like effect see Southern R. Co. v. Milan, 240 Ala. 333, 199 So. 711 [(1940)]; Morris v. McClellan, 169 Ala. 90, 53 So. 155 [(1910)]; Woody v. Chandler, 37 Ala. App. 238, 66 So. 2d 463 [(1953)]. In Birmingham Union St. Ry. Co. v. Ralph, 92 Ala. 273, 9 So. 222 [(1891)], we said:

"'… The right to a struck jury, upon the demand of either party, is clearly secured by statute. If there should be a less number in attendance than 24, it is the duty of the court to complete the list of competent and qualified persons to 24, before the process of rejection or striking off should commence. [Kansas City] Railroad Co. v. Smith, 8 [Vol.] South. Rep. [p.] 43 [(Ala. 1890)]. (This case is reported in 90 Ala. 25, but no facts are stated to show the application of the principle. These are stated in the Southern Reporter.) Or if there should be 24 in attendance, and from any cause the number is reduced to less than 24, the panel should be filled up to 24, from which list the jury should be struck. If the regular jurors in attendance upon the court should exceed 24, the panel of 24 should be completed from the regular jurors. …' (92 Ala. 27[3], 9 So. 222)

"True, as the trial court pointed out, the plaintiff had the same number of strikes, six, as he would have had if the list had contained twenty-four rather than twenty-three names. But the twenty-fourth prospective juror might have changed the entire course of striking, resulting in an entirely different trial jury. We cannot apply here the doctrine of error without injury and thereby completely ignore the mandatory provisions of the statute. The situation here is entirely different from that presented in Rosenbush Feed Co. v. Garrison, supra, where we held that the record affirmatively showed that there was no injury to appellee and the list of jurors from which the jury was obtained contained the names of more than twenty-four competent jurors. The Rosenbush case was tried in the Sixth Judicial Circuit. Tuscaloosa County was the only county in that circuit. At the time, the Sixth Judicial Circuit did not have more than two circuit judges."

277 Ala. 363-64, 170 So. 2d at 798-99. Accordingly, the trial court erred when it proceeded to strike the jury without first filling the deficiencies in the list of prospective jurors. Therefore, we reverse the trial court's judgment in favor of Cooper.

In case number SC-2025-0621, Highland Rim appeals from the trial court's order appointing a receiver over it. The trial court appointed the receiver "to manage, oversee and preserve the fiscal health of the Defendant Highland Rim Investment[s], LLC until the judgment owed to [Cooper] is satisfied in full." (Emphasis added.) Because we are reversing the judgment in favor of Cooper, the trial court's order

11

appointing the receiver over Highland Rim is due to be set aside. Accordingly, we reverse the trial court's order appointing the receiver over Highland Rim. Cf. Willow Lake Residential Ass'n, Inc. v. Juliano, 80 So. 3d 226, 235 (Ala. Civ. App. 2010).[4]

## Conclusion

For the above-stated reasons, we reverse the trial court's judgment in favor of Cooper and its order appointing a receiver over Highland Rim, and we remand this case for proceedings consistent with this opinion.

SC-2025-0599 -- REVERSED AND REMANDED.

SC-2025-0621 -- REVERSED AND REMANDED.

Stewart, C.J., and Shaw, Bryan, Sellers, Mendheim, Cook, McCool, and Parker, JJ., concur.

---

[4]Based on our decision in this case, we pretermit the remaining arguments raised by the judgment defendants.