# Wickard v. The State.

*Indictment for Gaming.*

1. *Betting at cards; sufficiency of indictment.*—The indictment in
this case charged that a game was played at cards or dice, and that
defendant played at said game with cards or dice, or some device or
substitute for cards or dice, at a tavern, inn, storehouse for retailing
spirituous liquors, or house or place where spirituous liquors were
at time the sold, retailed, or given away, or in a public house,
highway, or some other public place, or at an outhouse where people
resort, and did bet money at said game, *etc. Held*, that the indict-
ment was sufficient, and was not subject to objection for duplicity.

2. *Challenge of juror for cause.*—On the trial of an indictment for
playing and betting at a game of cards or dice, the defendant is en-
titled to challenge for cause jurors who had sat upon the trial of an-
other person convicted during the same term of court of a like offense
at the same house, and within the same period, at which defendant
is charged to have·played and bet.

3. *Election in prosecution for gaming; effect of.*—On a trial for gam-
ing, where the State has introduced evidence to show that the de-
fendant bet at a game of cards at a particular house, at a specified
time, it thereby elected to prosecute for that offense; and it was not
competent thereafter to introduce evidence of other and distinct

[Wickard v. The State.]

offenses, comprehended within the indictment, committed by the defendant at the same or other places.

APPEAL from the Circuit Court of Limestone.

Tried before Hon. THOS. R. ROULHAC.

The indictment in this case is as follows : "The grand jury of said county charge that, before the finding of this indictment, that a game was played at cards or dice, and that Sam Wickard played at said game with cards or dice, or some device or substitute for cards or dice, at a tavern, inn, storehouse for retailing spirituous liquors, or house or place where spirituous liquors were at the time sold, retailed, or given away, or in a public house, highway, or some other public place, or at an outhouse where people resort, and did bet money at said game, against the peace and dignity of the State of Alabama." The defendant demurred to the indictment, on the following grounds : "(1.) Because of duplicity, in this, the indictment charges in one and the same count two distinct offenses, to-wit, that of playing with cards or dice, and that of betting at cards or dice at one of the places specified in the statute against playing and betting ; "(2.) Because of duplicity, in this, that the indictment charges two distinct offenses, created by two distinct statutes, in the conjunctive, and not in the disjunctive, form, to-wit, the offense of playing at each of the several places prohibited by statute, and the offense of betting at each of the several places prohibited by statute." The court overruled the demurrer. The defendant challenged for cause nine of the jurors called for his trial, on the following ground : That each of said jurors was on the jury which tried Robert Oliver, at the same term of the court, for playing and betting at a game of cards or dice at the residence of Neil Burns, at which place it is alleged that the defendant played and bet, and that said jurors had, in rendering their verdict, passed upon the question whether said residence of Neil Burns was a public place, within the meaning of the statute against gaming, which question is material in this case. The court overruled each of these challenges, because the grounds assigned were insufficient. To this ruling the defendant duly excepted. The State having introduced evidence to show that the defendant played at a game of cards, and bet money thereat, at the time

and place mentioned in the opinion, the defendant duly reserved exceptions to evidence afterwards introduced by the State tending to show that the defendant had played at cards or dice at other times and places. The defendant was convicted, and appeals.

J. J. TURRENTINE, for appellant.

W. C. FITTS, Attorney-General, for the State.

HEAD, J.—The indictment is sufficient.—Code. §§ 4052, 4057 ; *Rosson v. State*, 92 Ala. 76.

The challenge for cause of the named jurors who sat upon the trial of Robert Oliver, who had been tried and convicted of playing and betting at the same house, and within the same period, at which defendant is charged to have committed the like offense, ought to have been sustained, on proof of the fact upon which they were based. The court held the grounds insufficient in law, and overruled the challenges. They come within the principle, on the point involved, of *Smith v. State*, 55 Ala. 1. See also *Dothard v. State*, 72 Ala. 541 ; *Carr v. State*, 104 Ala. 4.

When the State introduced evidence to show that the defendant played at a game of cards, and bet money thereat, at Neil Burns' house, on a Saturday in December, 1891, it thereby elected to prosecute for that offense, and it was not competent thereafter to introduce evidence of other and distinct offenses, comprehended within the indictment, committed by the defendant, at the same or other places.—*Smith v. State*, 52 Ala. 384. It was, of course, competent for the State to prove, in any legitimate way, the public character of the house, if it possessed that character ; and, to that end, may have proved that it was a house commonly resorted to for the purpose of card or dice playing and betting by any or all who were disposed to go there ; but the particular offenses of the defendant in playing and betting there cannot be individualized and put before the jury, in the manner done in this case, without injuring the defendant, under the principle of the above cited authority.

For the errors mentioned the judgment is reversed and the cause remanded. Let the defendant remain in custody until legally discharged.

Reversed and remanded.