### Jack Clark v. The State.

No. 2582.   Decided February 25, 1903.

**1.—Receiving Stolen Property—Jurors—Disqualification.**

On a trial for receiving stolen property, jurors who sat upon the previous trial of the convicted thief, and others who had heard the testimony upon such trial, are disqualified from sitting upon the trial of the case for receiving stolen property, inasmuch as it was necessary, in the latter case, to prove the guilt of the thief in order to obtain a conviction of the receiver.

**2.—Practice on Appeal—Evidence Objected to.**

The admission of evidence where it was merely objected to, without assigning the reason for the objection, will not be reviewed on appeal.

Appeal from the District Court of Travis. Tried below before Hon. N. A. Rector.

Appeal from a conviction of receiving stolen property; penalty, two years imprisonment in the penitentiary.

No statement is required.

*O. Dickens* and *Walter Corwin,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of receiving stolen property after it had been stolen by one Jack McQuirter. The day before appellant was placed on trial McQuirter was tried, nominally under a plea of guilty, although there was a plea of not guilty entered. By agreement with the district attorney, McQuirter pleaded guilty, and the only witness to be used on his trial was J. C. Pray. Pray testified on McQuirter's trial that McQuirter confessed to him the theft of the property, and further stated that he had thereafter turned it over to appellant. When appellant's case was called for trial, the jurors who sat in McQuirter's case were also called into the jury box. Some of the remaining jurors for the week were sitting about the court room, and had heard McQuirter's trial. Appellant moved the court to set aside and excuse those jurors from sitting in his case who sat in the McQuirter trial, and such of the jurors as had heard the McQuirter trial and become influenced by the testimony. This

was refused. We think this was error, although the court certifies that he sustained every cause of challenge where the juror expressed the slightest impression having been made upon his mind by what he had heard in regard to the McQuirter trial. · As appellant's case necessarily involved the guilt of McQuirter as the thief, it was necessary for the State to show the guilt of McQuirter in order to obtain the conviction of appellant as receiving from McQuirter. Therefore he was entitled to a fair and impartial jury on both issues. It was almost as detri-mental to defendant for the juror to have made up his mind as to the guilt of McQuirter as it was to his own guilt. All the jurors who sat in the McQuirter trial and rendered the verdict of guilty evidently were impressed with his guilt. If the jurors had a conclusion as to the guilt or ·innocence of either McQuirter or appellant, they should have been excluded from sitting on the jury; and it is, therefore, evident that the jurors who tried McQuirter were absolutely disqualified from sitting on the jury trying appellant.

Bill number 8 states the district attorney read to the jury the indict-ment against Jack McQuirter for the theft of the property set out in this indictment as having been received by appellant. "Defendant ob-jected, and excepted to the action of the district attorney in reading the same, and tenders this bill of exceptions, which is given." The same question occurs in bill number 10, in regard to the verdict of the jury, judgment of the court, and sentence of Jack McQuirter. There are no grounds of exception urged to the introduction of this testi-mony. The court certifies that he permitted the introduction of this testimony on the issue of McQuirter's guilt as to the theft, and it was so limited at the time of its introduction as well as in the charge. With-out an objection on the part of appellant, this court will treat the mat-ter as having been waived. The bills of exception do not present the question. Defendant simply objected to the introduction of these mat-ters, without assigning any reason at all. This court will not assign grounds of objection, and thereby resolve itself into a trial court. We only review the objections urged, and, as there are none, we refrain from discussing any error or supposed error that might be later on con-jured up.

For the error discussed, the judgment is reversed and the cause re-manded.

*Reversed and remanded.*