# Morris *v.* McClellan.

## *Assault and Battery.*

(Decided May 12, 1910.   Rehearing denied June 30, 1910.
53 South. 155.)

1. *Jury; Struck Jury; Disqualified Jurors.*—Both parties are entitled to a list of twenty-four fair and impartial jurors before being required to strike, where demand is made for a struck jury, and hence, it is the duty of the court to ascertain whether any of the jurors are disqualified before requiring the parties to strike.

2. *Same; Challenge; Cause.*—Although not a statutory ground for challenge for cause the fact that a juror had acted on a previous case involving similar controverted facts, whether the parties were identical or not, or whether there was a verdict or mistrial, was grounds for challenge of such juror.

3. *Assault and Battery; Civil; Self Defense; Elements.*—Freedom from fault in bringing on the difficulty is an element of self defense in civil actions for assault and battery, and a defendant cannot justify on the grounds of self defense without proof that he was free from fault in bringing on the difficulty.

4. *Same; Comparative Force.*—Comparative force is not an element of the law of self defense which may be pleaded in justification of an assault and battery; it may be considered only in mitigation of damages.

5. *Same.*—Where a plea of self defense to a civil action for assault and battery did not allege freedom from fault in provoking or bringing on the difficulty and did not allege defendant's bona fide retirement, it was fatally defective.

6. *Same; Burden of Proof.*—Where the defendant shows an impending imperious necessity to commit an assault he sufficiently meets the burden of proof on his plea of self defense so as to shift the burden to plaintiff to show that the defendant was not free from fault in bringing on the difficulty.

7. *Same; Pleading.*—To be available as a defense to an action for civil assault and battery self defense must be specially pleaded.

APPEAL from Limestone Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Wm. H. McClellan against John Morris, Sr., for assault and battery. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

A former report of this case may be found in 154 Ala. 639, 45 South. 641, where the original pleading is set out in extenso.

[Morris v. McClellan.]

Plea 4c is as follows: "Defendant, as an answer to the complaint as amended, and to each count thereof separately and severally, says that, at the time he shot the said plaintiff, the said plaintiff, with a pistol in his hand, was inflicting or preparing to inflict grievous bodily harm or death on the son of this defendant; that the defendant, upon seeing the apparent or real danger of his said son, called upon the plaintiff to release his said son, which plaintiff did not do, but continued to act in a manner which would lead a reasonable man to honestly entertain the reasonable belief that the plaintiff intended to inflict grievous bodily harm or death upon the defendant's said son; that at the said time blood was flowing freely from the wounds about the head of defendant's son, which wounds were inflicted thereon by the plaintiff; that when said plaintiff refused to or did not desist from his said attack upon the defendant's son, that defendant then shot said plaintiff to protect and save his son from the real or apparent danger in which he then apparently was. And the defendant avers that if any assault had been made upon the plaintiff by defendant's said son, Walter Morris, that said assault was made by clasping his arm around or laying his hands upon said plaintiff, and that at the time defendant's said son had no weapon but his naked hand only; that at the time defendant shot the said plaintiff the said plaintiff was using unnecessary and excessive force in repelling any such assault which might have been made upon him by defendant's said son, Walter Morris, in this: That plaintiff was using a pistol upon the head of said Walter Morris; that plaintiff was either striking the said Walter Morris over the head with said pistol, or shooting him in the head or ear with said pistol; that said Walter Morris, at the time defendant shot plaintiff, was bleeding freely

from wounds on or about his head, inflicted by said plaintiff with said pistol. And defendant further avers that, though the said Walter Morris may have committed an assault in the manner and form as above set forth upon the said plaintiff, yet that plaintiff at the time said defendant committed the alleged assault upon him, as set forth in manner and form in said complaint, and each count thereof, was using unnecessary and excessive force to repel any assault that might have been made upon him by the said Walter Morris, and was unnecessarily abusing and injuring the said Walter Morris, and by so doing the defendant avers that plaintiff thereby committed an assault upon the said Walter Morris; that the said Walter Morris at the time of said assault was firmly held by plaintiff with one hand, and was thus being abused and maltreated by said plaintiff with the other hand; that the time defendant shot said plaintiff was immediately after the pistol in plaintiff's hand had fired and blood had gushed immediately from about the head or ear of defendant's said son, thereby having the effect of impressing on the mind of any reasonable person, and causing such person to entertain the honest belief, that said Walter Morris was in imminent danger of his life, or of grievous bodily harm, and it was at this period of time that this defendant shot the said plaintiff. And this the defendant is ready to verify," etc.

Demurrers were interposed, raising the questions discussed in the opinion.

The following are the charges discussed in the opinion: (10) "I charge you, gentlemen, that the burden of proving the pleas 2a and 3a filed by him in this cause is on the defendant." (15) "The burden is on the defendant to reasonably satisfy the jury of each and every averment contained in his special pleas in this case,

[Morris v. McClellan.]

except that Walter Morris was free from fault in bring-
ing on the difficulty with McClellan, and if the defend-
ant has failed to establish any material allegations of
said plea, except such freedom from fault, then you can-
not find for the defendant under such special pleas."

W. R. WALKER, for appellant. A person is justified
in using sufficient force to protect a member of his
family from death or grievous bodily hurt.—*Wood's
Case,* 128 Ala. 27; *Mitchell's Case,* 129 Ala. 23; *What-
ley's Case,* 91 Ala. 108; 3 Cyc. 1075; *Shain v. Markgam,*
20 Am. Dec. 232; *Higgins v. Minaghan,* 23 Am. St. Rep.
428; *Thompkins v. Knat,* 94 Fed. Rep. 956; *Drinkhorn
v. Bubel,* 48 N. W. Rep. 710. Under the excuse of self-
defense the principal civil and natural relations are
comprehended, therefore even killings by parent or
child in the necessary defense of each other are ex-
cused.—*Karr's Case,* 106 Ala. 1; *Mitchell's Case,* 129
Ala. 23; *Campbell's Case,* 21 Am. St. Rep. 348; *Wood's
Case,* 128 Ala. 27; *Whatley's Case,* 91 Ala. 108; *Marris'
Case,* 39 South. Rep. 608. A person who is assaulted is
only justified in using sufficient force to repel the as-
sault made on him, and if he goes beyond this he then
becomes guilty of an assault himself.—*Lewis' Case,* 51
Ala. 3; *Hughey's Case,* 47 Ala. 103-4; 3 Cyc. 1073; *Wil-
liams' Case,* 44 Ala. 41, 44; *Birmingham R. & E. Co. v.
Baird,* 130 Ala. 334; *Kirkland's Case,* 141 Ala. 45; *Bir-
mingham, etc., Co. v. Mullen,* 138 Ala. 614; *Askew's
Case,* 94 Ala. 6; *Smith's Case,* 105 Ala. 136; *Nole's Case,*
26 Ala. 43; *Bonner's Case,* 97 Ala. 47; 4 Elliott on Evi.
§ 2848; 3 Cyc. 1047; 2 Starkie, Ev. 40; *Mooney's Case,*
33 Ala. 419; *Cockroft v. Smith,* 2 Salk. 642; *Johnson's
Case,* 12 Ala. 840; *Hanson v. European, etc., R. Co.,*
16 Am. Rep. 404; *Kent v. Cole,* 48 N. W. Rep. 168;
Wharton on Homicide, 3rd Ed. 397; *Paxton v. Boyer,*

16 L. R. A. 615; *State v. Hill,* 34 Am. Dec. 399; *Galbraith v. Fleming,* 27 N. W. Rep. 581; 1 Bishop, New Criminal Law, 842; *Jamison v. Moseley,* 10 South. Rep. 587; 1 Cooley on Torts, 286-287; *Fosbinder v. Svitak,* 20 N. W. Rep. 866; 1 Kinkead on Torts, 207; *Higgins v. Minaghan,* 23 Am. St. Rep. 428; 1 Waterman on Trespass, 128-9; *Keep v. Quallman,* 37 N. W. Rep. 233; 25 Am. & Eng. Ency. Law (2d Ed.), 264; *Tucker v. State,* 46 L. R. A. 181; *Scales' Case,* 96 Ala. 76; *Springfield's Case,* 96 Ala. 88; *Thomasson v. Gray,* 82 Ala. 291; 2 Cooley's Blackstone, (4 Ed.), Star Page 4; *Scribner v. Beach,* 47 Am. Rep. 265; *Adams v. Wagner,* 5 Am. Rep. 232; 1 Roscoe's Criminal Evidence, (8 Ed). 429; 2 Am. & Eng. Encyc. Law, (2 Ed.) 978; *Brewster v. Fox,* 93 S. W. Rep. 323; *Armstrong v. Little,* 54 Atl. Rep. 742; *McNatt v. McRae,* 45 S. E. Rep. 248; *Shay v. Thompson,* 48. Am. Rep. 538; *Barholt v. Wright,* 12 N. E. Rep. 185; *Dale v. Erskine,* 35 N. H. 503; *Elliott v. Brown,* 2 Ward. 497; *Phillips v. Kelley,* 29 Ala. 628, 635; *Riddle v. Brown,* 20 Ala. 412, 420; *Abney v. Mize,* 155 Ala. 391. Under Art. 9 of the Code of 1907, pertinent inquiries do not have to be answered if they tend or may subject party so called to answer to a criminal prosecution.—Code 1858; *Sou. Ry. Co. v. Bush,* 122 Ala. 470; Constitution of 1901, Sec. 6. Evidence of all words and acts of the defendant which tend to show the intent with which assault was made are admissible in evidence.—2 Am. & Encyc. Law, (2d Ed.) 1000; *Gray's Case,* 63 Ala. 66; *McDougal v. McGuire,* 95 Am. Dec. 98; *Walker's Case,* 85 Ala. 7; *Jewett v. Benwig,* 21 N. Y. 27. When a struck jury is demanded each party has the right before any name has been stricken, to purge the jury for cause, as each is entitled to a hearing before an impartial jury without bias or prejudice.—*Davis v. Henry,* 7 Ala. 135;

*Dothard v. Denson,* 72 Ala. 541-543; *Steed v. Noles,* 97 Ala. 573, 577; *K. C. M. & T. R. R. Co. v. Furgeson, administratrix,* 143 Ala. 512; *Wickard's Case,* 109 Ala. 45; *Carr's Case,* 104 Ala. 4; *Smith's Case,* 55 Ala. 1; *Curtis' Case,* 118 Ala. 125; *Scott's Case,* 133 Ala. 112-115; *Thomas' Case,* 133 Ala. 139; *Brazleton's Case,* 66 Ala. 99; *State v. Marshall,* 12 Ala. 302.

M. K. CLEMENTS, and O. KYLE, for appellee. Plea 4c was in bar of plaintiff's entire cause of action and was, hence, bad.—*Mirris v. McClellan,* 45 South. 631; *Barholdt v. Wright,* 44 Am. St. Rep. 117; *Dole v. Erskine,* 55 N. H. 503. A defendant, who provokes a difficulty, and upon whom the plaintiff uses more force than is necessary in his self-defense, and who, during the time that the plaintiff is using unnecessary force, inflicts a dangerous wound, by shooting the plaintiff with a pistol, can not plead in justification of said shooting and in bar of the plaintiff's right of recovery, the using of the said unnecessary force, by the plaintiff. —*Morris v. McClellan,* 45 S. Reporter, 641; *Thomason v. Gray,* 82 Ala. 291; *Phillips v. Kelley,* 29 Ala. 628; *Smith's Case,* 105 Ala. 138; *Riddle v. Brown,* 20 Ala. 412. Under Art. 9 of the Code of 1907, when interrogatories are propounded to the defendant, if he fails to answer them, the plaintiff has a right to read them to the jury and comment on the failure of the defendant to answer them.—*Morris v. McClellan,* 45 S. Reporter, 641. It is competent, in actions of this character, to show all that occurred at the time of the difficulty and connected therewith as forming a part of the *res gestae.*— *Morris v. McClellan,* 45 S. Reporter, 641. The rule is well established that, in a civil action to recover damages for an assault and battery, justification for the alleged assault can not be proven under the plea of the general issue. In such an action the burden is on the defendant to sustain his plea of justification by legal

and competent evidence sufficient to reasonably satisfy the jury.—*Mitchell v. Gambill,* 140 Ala. 316; *Morris v. McClellan,* 45 S. Reporter, 641. When a struck jury is demanded, each party has the right, before any has been struck, to purge the jury for cause, as each is entitled to a hearing before an impartial jury without bias or prejudice. The court may purge the jury of disqualified jurors, of its own motion.—*Davis v. Henry,* 7 Ala. 135; *Steed v. Noles,* 97 Ala. 573.

ANDERSON, J.—This case has been here on former appeal and is reported in 154 Ala. 639, 45 South. 641. It was there held, and we think properly so and which was in line with former decisions of this court, that in civil, as in criminal, cases all elements of self-defense must exist in order to excuse or justify the assault, and we may add that, in order for the defendant to defeat the plaintiff's right to recover, it must appear that he was free from fault (that his son Walter whose place he took was free from fault) in provoking or bringing on the difficulty. Plea 4c does not set up freedom from fault in provoking or bringing on the difficulty, but seeks to justify upon the theory of what might be termed "comparative force," and which is unknown to the doctrine of self-defense in this jurisdiction. Of course, excessive force to repel an attack of an aggressor at fault might render the excessive assailant guilty also, but his excess will not justify or excuse the first wrongdoer entirely. It might be considered by the jury in mitigation of damages, but the plea seeks to set it up as a complete defense to the action. Nor does the plea set up a bona fide retirement so as to relieve the defendant of previous fault in provoking or bringing on the difficulty.

The trial court did not err in sustaining the demurrer to defendant's plea 4c.

When a struck jury is demanded, both sides are entitled to a list containing 24 fair and impartial jurors and should not be subjected to the peril of having a juror put upon them who is disqualified to sit as a juror in the case. The court should ascertain if any of the jurors are disqualified before the parties are required to strike.—*Steed v. Knowles,* 97 Ala. 573, 12 South. 75; *Dothard v. Denson,* 72 Ala. 543; *Davis v. Hunter,* 7 Ala. 137. "The law, common and statutory, is careful to exclude from the jury box a juror who has, in any degree, prejudged the issue he is to try; or who is under any bias, or want of impartiality, which would prevent him from hearing, trying, and determining fairly." If a juror has acted in a previous case, whether the parties are identical or not, but which involved the controverted facts in the present case, whether there was a verdict or a mistrial, he cannot be considered an impartial juror upon the consideration of the same facts in a succeeding trial and should be excluded, notwithstanding these facts did not give a special statutory ground of challenging. "The impartiality of the jury box , the purity of the administration of justice, would require it."—*Smith v. State,* 55 Ala. 1; *Wickard v. State,* 109 Ala. 45, 19 South. 491; *Carr v. State,* 104 Ala. 4, 16 South. 150; *Dothard v. Denson,* 72 Ala. 543. The jurors Hawkins and Clem, having served in the case of *State v. John Morris, Jr.,* and having heard and considered the facts, which included the controverted facts in the present case, should have been stricken from the list, and the trial court erred in putting said jurors on the defendant over his objection.

It is well settled that, in order for the defendant to escape liability, in a civil action for an assault and

battery, under self-defense, it must be specially pleaded and proven.—*McClellan v. Morris, supra; Mitchell v. Gambill*, 140 Ala. 316, 37 South. 290. And charge 10, given at the request of the plaintiff, was in the abstract a general correct statement of the law. It is true that when the defendant proves a pending, imperious necessity to commit the assault, he meets the burden of proof, and the burden of showing that defendant was not free from fault in provoking or bringing on the difficulty is shifted to the plaintiff.—*Wilkins v. State*, 98 Ala. 1, 13 South. 312. This fact, however, does not relieve the defendant of proving his plea; it merely means when he proves the constituents of self-defense, other than freedom from fault, he meets the burden and proves his plea, and if the charge was misleading it could be made clear by an explanatory charge, instructing the jury as to what was necessary for the defendant to show in order to meet the burden of proving his special pleas. Indeed, charge 15 given at the request of the plaintiff, instead of contradicting charge 10, was in effect an explanation or qualification of same. One dealt with the burden of proof generally, and the other dealt with the ingredients and explained what was necessary for the defendant to show in order to prove his special pleas.

The other questions urged by appellant have been already decided adversely to him, either upon the former appeal of this case, or in other cases involving the same facts, and it would serve no good purpose to discuss them in the present opinion.

For the error above suggested, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

DOWDELL, C. J., and MAYFIELD and SAYRE, JJ., concur.