---

(114 So. 794)

**Ex parte STATE ex rel. ATTORNEY GENERAL.**

**GORE v. STATE.**

(6 Div. 980.)

Supreme Court of Alabama. Dec. 16, 1927.

I. **Indictment and information** ⬦140(2)—Refusal to allow stenographer to refer to notes in testifying regarding what witnesses testified before grand jury held not reversible error.

On motion to quash indictment, court's refusal to allow stenographer, who was present and noted evidence in grand jury room, to refer to his notes in testifying as to what witnesses testified before grand jury *held* not reversible error, since when it appears witnesses were examined by grand jury or jury had before them legal documentary evidence, no inquiry into sufficiency of evidence is indulged.

**2. Criminal law ⊖⇒1179—On petition for certiorari to Court of Appeals, Supreme Court was confined to consideration of statement of evidence found in that court's opinion.**

On petition for certiorari to Court of Appeals to review its judgment in manslaughter prosecution, Supreme Court was confined to consideration of statement of tendencies of evidence as found in opinion of Court of Appeals as regards ruling refusing requested charge.

**3. Criminal law ⊖⇒1179—Matter not considered in opinion of Court of Appeals could not be reviewed by Supreme Court on petition for certiorari.**

Claim that substance of charge in manslaughter prosecution, refusal of which Court of Appeals held was error, was embraced in other charges given for defendant 'and in general charge of court, not having been considered or treated in opinion of Court of Appeals, was not before Supreme Court for determination on petition for certiorari to Court of Appeals, so that writ could not be rested upon holding of Court of Appeals that refusal of charge was error.

Sayre and Thomas, JJ., dissenting in part.

Certiorari to Court of Appeals.

David Gore was convicted of manslaughter in the first degree, and he appealed to the Court of Appeals. The judgment of conviction being there reversed, the State petitions for certiorari to review and revise the judgment and decision of that court in said case. 114 So. 791. Writ denied.

Charlie C. McCall, Atty. Gen., and Jim Davis, Sol., of Birmingham, for petitioner.

Even if charge 98 was good, its refusal was not error, since its substance was given in other charges. When it appears that witnesses were examined by the grand jury or that the grand jury had before them legal, documentary evidence, no inquiry into the sufficiency of the evidence is indulged. 31 C. J. 808; 28 C. J. 612; Walker v. State, 17 Ala. App. 555, 86 So. 257; Havenor v. State, 125 Wis. 444, 104 N. W. 116, 4 Ann. Cas. 1052; Washington v. State, 63 Ala. 189; Agee v. State, 117 Ala. 169, 23 So. 486; Bryant v. State, 79 Ala. 282; Carl v. State, 125 Ala. 89, 28 So. 505.

Wm. E. Fort, of Birmingham, opposed.

No brief reached the Reporter.

PER CURIAM. The reversal of the judgment of conviction in this case by the Court of Appeals appears to be rested upon two rulings of the trial court. The first, upon motion to quash the indictment, upon the refusal of the trial court to require or allow the stenographer, who was present and noted the evidence in the grand jury room, to refer to his notes in testifying as to what the witnesses testified before the grand jury. Upon this question, this court in Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643, said:

"When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged."

In Agee v. State, 117 Ala. 169, 23 So. 486, the court gave application to this rule, and sustained the trial court in refusing to allow the defendant to prove the testimony of the witness before the grand jury. The rule was again applied in Washington v. State, 63 Ala. 189, when it was attempted to show the testimony before the grand jury in order to establish that there was no legal evidence, but only hearsay, before that body, connecting the defendant with the crime charged. The refusal of the trial court to receive this testimony was approved, the court saying:

"In refusing to entertain the motion to strike the indictment from the file and quash it, the city court ruled in precise accordance with what was said by this court in Sparrenberger's Case, 53 Ala. 481 [25 Am. Rep. 643]. We there said, 'When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged.' In this case, a competent witness was sworn and examined before the grand jury. The precise point urged in argument is that the grand jury found the bill on insufficient testimony, in this: That while there was proof that a burglary had been committed as charged, no legal evidence was given before that body, showing that the accused was the guilty offender. To allow such inquiry and testimony, would be not only to disregard what was said in Sparrenberger's Case, copied above, but would greatly retard and embarrass the administration of the law."

The Sparrenberger's Case was again approved in Bryant v. State, 79 Ala. 282, and the rule therein announced has not been departed from in this court. It was differentiated in Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann. Cas. 867, from cases charging seduction by reason of special statutory provisions in reference to that offense.

[1] For the stenographer in the instant case to testify from his notes as to the testimony of the witnesses before the grand jury could only tend to the establishment, vel non, of the sufficiency of the evidence and would transcend the rule established by the foregoing authorities.

We are therefore of the opinion reversible error cannot be rested upon this ruling of the court, and that the holding of the Court of Appeals upon this point is erroneous.

[2, 3] Upon a consideration of the statement of the tendencies of the evidence as found in the opinion of the Court of Appeals, to which this court is here confined, we are not of the opinion the ruling of the Court of Appeals as to the refusal of charge 98 pre-

senting error should be here disturbed. It is insisted by the state the substance of this charge was embraced in other charges given for defendant and in the general charge of the court. This is not a matter considered or treated in the opinion of the Court of Appeals. That question therefore is not before us for determination. The awarding of the writ of certiorari cannot be rested therefore upon the holding of the Court of Appeals as to the refusal of said charge. The result is a denial of the writ. Ex parte Hill, 194 Ala. 559, 69 So. 598.

Writ denied.

ANDERSON, C. J., and SOMERVILLE, GARDNER, BOULDIN, and BROWN, JJ., concur.

SAYRE and THOMAS, JJ., are of the opinion charge 98 was properly refused and, being in accord with the majority opinion upon the other questions treated, would award the writ. They therefore dissent.