## J. E. SCRIVENER v. STATE.

No. A-9318. Jan. 28, 1938.

(75 P. 2d 1154.)

Homer H. Bishop, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., for the State.

DOYLE, J.   This appeal is from a judgment of the county court of Seminole county, rendered on a verdict convicting J. E. Scrivener on a charge that he did have in his possession "two pints of whisky, one pint of alcohol and four pints of gin," with the unlawful intent to sell the same, and fixing his punishment at a fine of $75 and confinement for 60 days in the county jail.

The errors assigned question the sufficiency of the evidence to sustain the verdict, and relate to the rulings of the court in empaneling the jury.

It appears that the state relied for this conviction upon the testimony of George Snider, deputy sheriff, the only witness testifying in the case.

He testified that he searched defendant's place of business in the city of Seminole, directly across the street south of the post office, a cold drink, three-two beer place, known as the Derrick Bar; that Charley Cannon assisted him in the raid. That they found six pints of alcohol, gin, and whisky, one pint was open; that was all the whisky, the rest was alcohol and gin. That he knows the general reputation in that community as to the place for being a place where intoxicating liquor is kept and sold; and that is the reputation of the place.

On cross-examination he was asked if he knew how many pints of gin he found. He stated he did not remember; that he brought the liquor to the jail but did not mark it and did not know where any of it is now, and did not file a report in the county court of the amount of liquor seized.

When the state rested, the defendant demurred to the evidence. Demurrer overruled. Exception reserved.

It appears that Joe Irvine was convicted of a violation of the prohibitory liquor law by the verdict of the jury returned the day before the trial of this case commenced, and five of the jurors in the Irvine case were called as trial jurors in this case. On their voir dire each of these jurors was in substance asked this question: If the evidence should disclose that Mr. Irvine and Mr. Scrivener were partners in that place of business, you sat on the jury yesterday and convicted Mr. Irvine, fixing as penalty a fine of $500 and six months in jail, now, you would say defendant is guilty and vote for conviction if they say they found that liquor there. Wouldn't you?

Four jurors answered "No, sir," and one, "Not necessarily."

The court overruled the challenges for cause.

The purpose of the examination of a juror on his voir dire is to ascertain whether there are grounds for a challenge for either actual or implied bias; also to enable the defendant to exercise intelligently his peremptory challenges. Our Procedure Criminal provides that, upon the trial of a challenge, the juror challenged may be examined as a witness to prove or disprove the challenge, and is bound to answer every question pertinent to the inquiry. Section 3003, 22 Okla. St. Ann. § 665. Under the statute the defendant had the right to ascertain, by appropriate questions, the effect or influence, if any, the hearing of the tetimony in the Irvine case had upon the minds of these jurors, where such testimony might reasonably be expected to be introduced on the trial of this case.

Upon a careful examination of the record, we have reached the conclusion that the jurors who had agreed to a verdict of guilty in the Irvine case were not impartial jurors, under the meaning of our Constitution, article 2, § 20, and that it was a manifest abuse of discretion to overrule the challenge to said jurors on the ground of implied or actual bias. Under the Constitution and laws of this state, it is a fundamental principle that fairness and impartiality are prerequisite qualifications in all jurors who are called upon to try a defendant in a criminal action, and no jury can in truth be said to be fair and impartial when this principle has been transgressed in selecting such jury.

Section 2997, Procedure Criminal, provides, 22 Okla. St. Ann. § 659:

"Particular causes of challenge are of two kinds:

"1. For such a bias as when the existence of the facts is ascertained, in judgment of law disqualifies the juror, and which is known in this chapter as implied bias.

"2. For the existence of a state of mind on the part of the juror, in reference to the case, or to either party, which satisfies the court, in the exercise of a sound discretion, that he cannot try the issue impartially, without prejudice to the substantial rights of the party challenging, and which is known in this chapter as actual bias."

It may be possible that a juror may be so peculiarly constituted that the rendition of his verdict in the one case would have no influence upon his action in the other, but this question must be disposed of upon the assumption that all jurors possess the characteristics common to ordinary men. A fair trial cannot be had except by an unbiased jury, and jurors who have passed upon the credibility of witnesses in the one case are disqualified and incompetent as jurors in a case where the same witnesses will be called to give the same testimony on an issue the same in both cases. Temple v. State, 15 Okla. Cr. 176, 175 Pac. 733.

The competency of a juror is, under the statute, a question to be determined by the court in the exercise of a sound discretion. The discretion given, however, is not intended to deprive the defendant of his right of trial by an impartial jury, and the statute cannot be regarded as changing in any degree the essential qualifications which jurors must possess.

The fact that these jurors stated on their voir dire that they formed no opinion as to the guilt or innocence of the defendant and that they could and would act im-

partially and fairly upon the matters to be submitted to them, was wholly immaterial.

They could not be the judges of their own impartiality. They had received the evidence in the former case in the most solemn form and rendered a verdict. They had thus formed and expressed an opinion on some of the facts, including the general reputation of the place of business of both defendants as partners, on which this defendant was to be tried, and were therefore disqualified. Our construction of the statute is that when the opinion is formed in this manner—that is, from hearing the facts of the case testified to, the juror is incompetent.

It has been the uniform holding of this court that, whenever the fairness and impartiality of a juror are called in question, the trial court must be clearly satisfied that such juror is fair and impartial, and it is the duty of the trial court to resolve all doubts on this question in favor of the accused. Temple v. State, supra.

A fair and impartial trial is guaranteed to all persons whether guilty or innocent, and it is the duty of the trial court to uphold this guaranty.

It is evident from the record that the defendant was not accorded a fair and impartial trial within the letter and spirit of the Constitution and laws of the state.

The judgment appealed from is therefore reversed.

DAVENPORT, P. J., and BAREFOOT, J., concur.