27 So.2d 798

## GANDY v. STATE.
### 6 Div. 307.

Court of Appeals of Alabama.

Aug. 1, 1946.

Rehearing Denied Oct. 8, 1946.

514

Wm. Conway, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

In the court below this appellant was charged with robbery. Specifically, that "he feloniously took one gold, gold-filled, or gold-plated watch, of the value of two hundred dollars, one bill-fold of the value of five dollars, and forty-five dollars, of the lawful currency of the United States of America, a more particular description and denomination of which is to the grand jury unknown, the personal property of R., W. Allman, from his person and against his will, by violence to his person, or by putting him in such fear as unwillingly to part with the same," etc.

Upon the trial in the court below there was no dispute or conflict in the evidence as to whether or not the crime had been committed. The evidence showed this fact conclusively. The controlling, and most material inquiry was, as to the identity of the perpetrator of the crime. The defendant strenuously denied that he was the person who committed the offense. On the other hand Mr. Allman, the designated injured party, emphatically identified and so testified that the defendant was the person who robbed him, and testified further that no one else was present when the robbery

was committed and that it took place at or about one o'clock at night on the street in Birmingham. The defendant was convicted of robbery as charged, and, as the law requires, the jury fixed his punishment. In accordance with verdict of the jury, the court adjudged the defendant guilty and duly sentenced him to the penitentiary for the period of fifteen years. From the judgment of conviction this appeal was taken.

Before entering upon the trial, the defendant moved to quash the indictment on three specific grounds which were in substance: "(1) That no witnesses appeared before the grand jury; (2) that the indictment was found on hearsay testimony; and (3) that neither the injured party nor other witnesses appeared before the grand jury to give legal testimony."

The trial court sustained the State's demurrers, and motion to strike grounds 2 and 3 of the motion, exception was duly reserved. Upon the hearing of the motion to quash, on ground (1) of the motion, the evidence disclosed that three witnesses appeared before the grand jury and testified on the presentment in this case. This testimony was allowed by the court.

In this connection the able and earnest counsel for appellant makes the following insistences in appellant's brief, viz:

"The learned trial court was in error in not permitting appellant to prove the allegations contained in the motion to quash the indictment in that he sustained all objections to questions by counsel for appellant propounded to witnesses sought by appellant to prove said motion to quash as appears on page 3 of the record, quote:

"'The Court: Come around and make the objections, so I can get to sustain them. Object to everything.'

"Everything was sustained and therefore, appellant was not permitted to prove the facts which would have legally entitled him to have the indictment against him quashed as a matter of right and as a matter of law.

"3. The trial court was in error in sustaining the solicitor's demurrer and motion to strike ground 2 of the appellant's motion to quash the indictment which appears as follows:

"Ground 2. 'For that the indictment was found on hearsay testimony and the witnesses that appeared before the grand jury did not have knowledge of the facts inquired about and their testimony was based solely on the facts told to them by someone else.'

"4. For that the trial court was in error in sustaining the solicitor's demurrer and motion to strike ground 3 of the appellant's motion to quash the indictment which appears as follows:

"Ground 3. 'For that R. W. Allman the person named in the indictment did not appear before the grand jury and no other witness appeared before the grand jury to testify or give legal testimony concerning the alleged robbery.'

"5. For that the trial court erred in overruling appellant's motion to quash the indictment and in the refusal to permit appellant to prove the allegations contained therein to which due and legal exceptions were reserved.

"Where no legal testimony before grand jury connects defendant with crime charged court has inherent power to strike indictment. Gore v. State, 22 Ala.App. 136, 114 So. 791, 793.

" 'The second ground of the motion to quash presents a different question. By that ground it is alleged that, although witnesses were examined by the grand jury, they gave no legal testimony tending to connect the defendant with the commission of any crime charged in the indictment. If this be true and proven to the court, and the grand jury in disregard of their oaths and duty returned an indictment into court, without any evidence to sustain it, the paper purporting to be an indictment is not such in fact, and while the proceedings are in fieri the court has the inherent power to strike from its files any paper which has been wrongfully, without the warrant of law, introduced into them.' "

Numerous other authorities are cited, but it is evident appellant relies principally upon the Gore case, supra. The opinion in the Gore case was prepared by our lamented Associate Judge Samford. The case was certiorared by the State to the Supreme Court, and the writ was denied, Ex parte ex rel Attorney General, in re Gore v. State, 217 Ala. 68, 114 So. 794, 795, but in the denial of the writ the Supreme Court did not give approval of the quoted portion of said opinion, supra, to the contrary the court expressly gave its disapproval of the point involved, saying: *"When it appears witnesses were examined by the grand jury,* or the jury had before them legal documentary evidence, *no inquiry into the sufficiency of the evidence is indulged."* Adding, the court said: "We are therefore of the opinion reversible error cannot be rested upon this ruling of the court, and that the holding of the Court of Appeals upon this point is erroneous."

We deem further discussion on this proposition is unnecessary and hold the rulings of the court in this connection to be without error.

As to the case upon its merits it is conceded by counsel for appellant that under the evidence a jury question was presented. He states: "The writer of this brief concedes that clearly a jury question was presented on the trial of this cause." However, he insists, that the cause should be reversed on account of the reversible errors occurring in the trial to which exceptions were reserved.

As stated in the outset, the principal question involved in this case was the identity of the person who committed the undisputed robbery of Mr. R. W. Allman of his watch, bill-fold and money described in the indictment. Further, as also stated, there was no uncertainty in the testimony of the injured party, Allman, as to Gandy being the identical man who knocked him down and robbed him.

The defendant elected to testify in his own behalf, and denied that he committed the robbery, but admitted he with others were in possession of the stolen watch early the next morning after the robbery. The defendant offered no other testimony, and on cross-examination admitted he had, on former occasions, been convicted of grand larceny and had served sentences in the penitentiary as punishment. On rebuttal the State offered numerous witnesses consisting principally of officers of the law, each of whom testified they had known the defendant for a number of years and

516

knew his general character and character for truth and veracity, and all of them testified that his character was bad. This testimony was also without dispute or conflict.

■ There is no merit in the insistence that the court committed error in the oral charge to the jury. The charge, taken as a whole, which is necessary, was complete, able and thoroughly fair in every way.

■ On the question of the argument of the solicitor in addressing the jury and to which certain objections were interposed, it appears that the court ruled with the defendant, sustained the objections interposed and in addition admonished the jury and instructed them as forcibly as was possible not to consider said objections in their deliberations. Thus the court complied with its every duty under the law.

We have carefully examined every ruling of the trial court and have likewise considered every exception reserved. In none of said rulings do we find any semblance of injurious error to the substantial rights of the defendant. We deem it unnecessary to deal specifically with these numerous exceptions, some of which were trivial, and others without merit.

We are clear to the conclusion that the defendant was accorded a fair and impartial trial, such as the law contemplates and provides.

No error appearing, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.