105 So.2d 877

Willie N. ROWELL

v.

STATE.

5 Div. 531.

Court of Appeals of Alabama.

Oct. 7, 1958.

Walker & Walker and McKee & Maye, Opelika, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

**614**

CATES, Judge.

December 22, 1956, Rowell killed Richard Pattillo by shooting him with a pistol. Indicted for first degree murder, convicted of voluntary manslaughter, his punishment set at four years' imprisonment, he appeals from judgments conforming to the jury's verdict and denying him a new trial.

The trial court declared a defense witness, Mr. W. C. Phillips (who had been a member of the indicting grand jury), incompetent.

Previously thereto Rowell had testified as to his strenuous efforts to avoid difficulty with Pattillo, that only when impedimented and hindered from retreating, and after Pattillo, who had a rock in his right hand, hit him with his left fist, there was left no reasonable alternative to his shooting Pattillo in self-defense. The defense evidence was consistent with the claim that Pattillo was the aggressor.

The defense offered Phillips to show that approximately two weeks before the shooting Pattillo made a threat to beat the hell out of Willie Rowell. Pattillo made this threat, according to the showing, in the presence of Mr. and Mrs. Phillips at their home.

The trial judge took Phillips on voir dire and elicited from him that he had not said anything to the grand jury that he knew of any threat made by Pattillo against Rowell. Whereupon, the court ruled Phillips was not a competent witness in the case.

■ Prior threats by a deceased (even if uncommunicated to the defendant) after a showing of self-defense are admissible as to the true nature and character of the deceased's purported attack, McGuff v. State, 248 Ala. 259, 27 So.2d 241.

Rowell cites Ex parte Montgomery, 244 Ala. 91, 12 So.2d 314, and Gore v. State, 22 Ala.App. 136, 114 So. 791 (modified in part 217 Ala. 68, 114 So. 794).

In the Gore case there is dictum to the effect that a grand juror may be a witness in support of a motion to quash an indictment based on the absence of legal evidence before the grand jury.

■■ Testimony before a grand jury is *(after indictment and arrest)* not a matter of secrecy, Code 1940, T. 30, § 96, applying only to premature disclosure, Ex parte Montgomery, supra.

Our statute on witnesses in criminal cases, Code 1940, T. 7, §§ 434–440, makes no exclusion of a grand juror.

■ Code 1940, T. 30, § 91 (as to duty of grand juror to disclose knowledge of "a public offense"), does not apply here: the grand jury had the case before it.

97 C.J.S. Witnesses § 107, has a headnote reading:

"Apart from governing statutes, grand jurors are, in general, competent witnesses as to facts which they are not precluded from disclosing, but not as to matters concerning which the policy of the law requires secrecy."

The text says in part:

"* * * A fortiori, a witness as to facts in connection with an alleged crime is not incompetent at a trial therefor because he was a member of the grand jury which found the indictment."

citing Mack v. State, 203 Ind. 355, 180 N.E. 279, 83 A.L.R. 1349, wherein a grand juror was properly permitted to be a prosecution witness as to a matter not touching the deliberations of the grand jury. United States v. Charles, 25 Fed.Cas. page 409, No. 14,786 (confession in course of another investigation). State v. McDonald, 73 N.C. 346, State v. Hamm, 11 Mo.App. 585 (syllabus).

The oath, "the state's counsel, your fellows' and your own, you shall keep secret," relates to debates, deliberations, matters no billed and the voting. Title 30, § 87, allows disclosure of testimony in a judicial proceeding where consistency or truth is at issue. State v. Coffee, 56 Conn. 399, 16 A. 151.

We consider the refusal to allow the witness Phillips to testify was reversible error, because we cannot gauge what effect his testimony might have had in (or in not) generating a reasonable doubt in the minds of the jury.

Reversed and remanded.