133 So.2d 678

**Dennis CROWDEN**

v.

**STATE.**

**8 Div. 737.**

Court of Appeals of Alabama.

Aug. 15, 1961.

Rehearing Denied Oct. 17, 1961.

---

Jas. H. Tompkins, Tuscumbia, for appellant.

MacDonald Gallion, Atty. Gen., John G. Bookout, Asst. Atty. Gen., and Herbert D. Schaefer, Legal Research Aid, Montgomery, for the State.

PRICE, Judge.

Appellant was indicted under two counts of (1) larceny of eight cows and (2) buying, receiving or concealing, the said cows. He was convicted under the second count and sentenced to four years in the penitentiary.

Before the trial was commenced a motion was made that the judge recuse himself on the grounds (1) that before the trial began,

in an ante-room to the courtroom, when the case was being discussed in the presence of defense counsel and the solicitors for the state, the judge stated: "I'd rather turn the Negroes aloose than the son-of-a bitch who disposes of the god damn stuff;" (2) that the judge was related to the husband of Mrs. Ida Fennell, the owner of the cows alleged to have been stolen.

Testimony was taken on the motion. It was undisputed that the statements were not made in the hearing of the jury, and no one was present except the judge, the solicitors and defense counsel; that a discussion was taking place with reference to companion cases and the possibility of the defendant's being granted probation in the event he pleaded guilty, and that the judge was also referring to similar cases in another county where several Negroes were indicted and pleaded guilty to stealing hogs and a white man who bought the hogs from the Negroes was not prosecuted. The judge denied the motion to recuse himself.

The holding in the cases of De Moville v. Merchants & Farmers Bank of Greene County, 237 Ala. 347, 186 So. 704, and Riley v. Wilkinson, 247 Ala. 231, 23 So.2d 582 is, we think, contrary to the state's contention that mandamus is the only remedy available to obtain appellate review of a judge's refusal to recuse himself.

The statutory grounds for disqualification of a judge are set out in Code of Alabama 1940, Title 13, Section 6. The only statutory ground having application here is that a judge must not sit in any cause or proceeding in which he is "related to either party within the fourth degree of consanguinity or affinity, * * *."

The statutory grounds are not exclusory of the common law disqualifications, and though in Fulton v. Longshore, 156 Ala. 611, 46 So. 989, 19 L.R.A.,N.S., 602, it is said that at the common law prejudice did not disqualify a judge, there are other cases holding that a judge must be "legally indifferent" between parties. Gill v. State, 61 Ala. 169; Medlin v. Taylor, 101

Ala. 239, 13 So. 310; Pegues v. Baker, 110 Ala. 251, 17 So. 943; Wiggins v. State, 39 Ala.App. 433, 104 So.2d 560.

■ As to the ground of relationship of the judge to the owner of the cattle alleged to have been stolen, defense counsel stated it was his understanding that the judge was a second cousin of Mrs. Fennell's deceased husband. The relationship was neither affirmed nor denied by the judge. However, if there was such relationship as contended by the defendant, it was within the 6th degree and not the 4th degree prohibited by statute. Owen v. State, 255 Ala. 354, 51 So.2d 541.

■ We are of the opinion the statements attributed to the trial judge do not show such bias or prejudice in the mind of the judge as would impair the defendant's right to a fair and impartial trial and render the judge incompetent to preside in the trial. We find no error in the judge's refusal to recuse himself.

The defendant moved to quash the indictment on several grounds. The only ground necessary to be considered here is that the grand jury had before it no legal evidence on which to base an indictment.

■ Evidence was introduced by the defendant tending to show that no witness before the grand jury testified as to defendant's connection with the crime charged. The state offered proof that the grand jury had before it certain documentary evidence.

The established rule is:

"when it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged." Sparrenberger v. State, 53 Ala. 481.

See also, Gore v. State, 217 Ala. 68, 114 So. 794; Gandy v. State, 32 Ala.App. 513, 27 So.2d 798. The court's ruling denying the motion to quash the indictment was without error.

The defendant moved the court for a continuance on the ground that the venire from which the jury was to be selected consisted of only thirty-four names; that twelve members of the venire had previously served as the jury which convicted one Tom White, and that without these twelve jurors the defendant would be required to strike from a panel of twenty-two names. The court overruled the motion.

It is apparent from the record that Tom White was one of the persons charged with stealing the cows which defendant was convicted of having received.

■ It is well settled that a juror who has sat on the trial of a defendant in a prior case involving the same transaction, cannot be considered an impartial juror in a proceeding against another defendant upon a consideration of the same facts. Smith v. State, 55 Ala. 1; Wickard v. State, 109 Ala. 45, 19 So. 491; Cline v. State, 20 Ala. App. 578, 104 So. 347; Davis v. State, 24 Ala.App. 190, 132 So. 458; Chiles v. State, 28 Ala.App. 156, 181 So. 128.

■ It has been held error to allow jurors who had served on the trial of a person who had stolen goods to serve on the trial of the person charged with receiving the goods. Clark v. State, 44 Tex.Cr.R. 536, 72 S.W. 591.

■ The defendant was entitled to strike from a list containing 24 fair and impartial jurors. Section 62, Title 30, Code 1940. See also, Morris v. McClellan, 169 Ala. 90, 53 So. 155; Rosenbush Feed Co. v. Garrison, 251 Ala. 245, 37 So.2d 106; Woody v. Chandler, 37 Ala.App. 238, 66 So.2d 463. His insistence he should not have been compelled to strike from the list containing the members of the jury in the previous case must be sustained.

■ There was no error in the denial of a motion for continuance on the ground

that other members of the venire were in the courtroom, and heard the testimony in the Tom White case. Stover v. State, 204 Ala. 311, 85 So. 393; Sanders v. State, 22 Ala.App. 358, 116 So. 329; Davis v. State, supra.

For the error noted the judgment must be reversed and the cause remanded.

Reversed and remanded.