STATE of Utah, Plaintiff and Respondent,

v.

Robert Lee DIXON, Defendant and Appellant.

No. 14380.

Supreme Court of Utah.

Jan. 25, 1977.

David M. Bown, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., R. Paul Van Dam, County Atty., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Robert Lee Dixon appeals, seeking to reverse his conviction by a jury of selling a narcotic drug.[1]

The essentials of the evidence upon which the conviction is based are: Salt Lake police officer Michael Roberts testified that he drove Denise Giertz, an undercover operative, to the vicinity of the West Side Motel, where she left the car and returned ten minutes later with a balloon of heroin in her mouth. Ms. Giertz testified that she went into the Regal Lounge, where she met the defendant and told him that she wanted to buy some heroin. They then went to the motel, where she gave the defendant $40 in exchange for the balloon of heroin. She placed it in her mouth and returned to the police car. The police then placed the defendant under arrest. The defendant denied both the conversation with and the sale of heroin to Ms. Giertz.

The central focus of defendant's attack on the judgment is that the trial court

1. 58–37–8 U.C.A.1953, as amended.

committed error in the selection of the jury, which deprived defendant of his constitutional right to a trial by a fair and impartial jury.[2]

A panel of sixteen jurors was called. In the voir dire examination, the judge included the usual questions as to whether jurors were acquainted with the witnesses to be called. The answers revealed that four members of the panel had served in a prior narcotics case in which the State's witnesses had testified. The court pursued this matter and each of the four jurors stated that they did not believe that their previous jury experience would prejudice them, nor impair their ability to render a true and just verdict based solely upon the evidence in the present case and upon the law as stated to them by the court.

After the voir dire examination, the prosecuting attorney passed the panel for cause. Defense counsel then requested leave to reserve any challenges for cause until after the jury was impanelled, which request was granted.[3]

Counsel for the State and for the defendant both exercised their four peremptory challenges. The remaining eight jurors, including two of the four persons talked about above who had served before in a similar case, were sworn to try this case. After the jury was sworn, defense counsel stated his challenge for cause to the members of the jury who had served on the previous case. Upon the basis of what had been elicited from the voir dire examination as recited above, the trial court overruled the challenge.

In urging that the jurors challenged for cause should be excused because they had previously served in a similar case, defendant places reliance on Section 77–30–19(5), U.C.A.1953, which states:

A challenge for implied bias may be taken for all or any of the following causes . . .

. . . . .

(5) having served on a trial jury which has tried another person for the offense charged.

The ground of challenge for cause provided in that statute is for a juror who "has tried another person for *the* offense charged," that is, the particular offense; and it does not refer to a juror who has merely tried another similar case against someone else charged with a similar offense.[4] To illustrate the fallacy of the defendant's position, if his argument were sound, all members of a jury panel who once served on a case of burglary, larceny, robbery or whatever, would thereafter be disqualified from serving on any similar case. It should be obvious that if such were the rule, the ability to get qualified jurors would be progressively restricted and the administration of justice hampered.[5]

The defendant combined the argument concerning the statute with a contention that those particular jurors had likely formed an opinion as to the credibility of the State's witnesses and therefore would not be impartial judges of the evidence in this case. The matter of the possible bias or prejudice of jurors is something which rests within the sound discretion of the trial court.[6] It hardly needs to be said that it is his duty to see that the constitutional rights of an accused to an impartial jury is safe-

2. U.S.Const. Amend. VI; Utah Const. Art. 1, Sec. 12.

3. This was undoubtedly so jeopardy would obtain, see 21 Am.Jur.2d p. 237. We note that we do not see any justification for the making, nor for the granting, of such request. The difficulty that has resulted in this case demonstrates its inadvisability.

4. *Government of Virgin Islands v. Williams*, 476 F.2d 771 (3rd Cir. 1973); *U. S. v. Ragland*, 375 F.2d 471 (2d Cir. 1967); *Casias v. U. S.*, 315 F.2d 614 (10th Cir. 1963); *Stott v. State*, 538 P.2d 1061 (Okl.Cr.1975); *Disheroon v. State*, 514 P.2d 685 (Okl.Cr.1973).

5. *Haussener v. U. S.*, 4 F.2d 884 (8th Cir. 1925).

6. *State v. Brosie*, 24 Ariz.App. 517, 540 P.2d 136 (1975); *State v. Carpenter*, 215 Kan. 573, 527 P.2d 1333 (1974).

guarded.[7] The record shows that the trial court discharged that duty by carefully questioning the members of the panel, all of whom gave their word that they had no such bias or prejudice but could act as fair jurors. It is to be assumed that they were not swearing falsely and that they believed they could act as conscientious arbiters in the case.[8] We perceive nothing to persuade us that the trial court acted improperly, or abused its discretion, nor that the defendant was in any way deprived of his entitlement to a fair trial.

Affirmed. No costs awarded.

ELLETT, C. J., and WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in the result.

---

7. *Priestly v. State*, 19 Ariz. 371, 171 P. 137, note 1; *Scrivener v. State*, 63 Okl.Cr. 418, 75 P.2d 1154; *Stevens v. State*, 94 Okl.Cr. 216, 232 P.2d 949.

8. 47 Am.Jur.2d, Jury, Sec. 267; 160 A.L.R. 753, 767; *Cwach v. U. S.*, 212 F.2d 520 (8th Cir. 1954); *People v. Franklin*, 56 Cal.App.3d 18, 128 Cal.Rptr. 94 (1976); *State v. Persinger*, 62 Wash.2d 362, 382 P.2d 497 (1963).