BOOKOUT, Judge.
Robbery; sentence: thirty years imprisonment.
The evidence shows that on January 16, 1979, the appellant and his accomplice, Clennon Coon, robbed a service station in Covington County. Coon was tried for the same robbery and convicted two days prior to trial of the appellant in the instant case. On striking the jury in the instant case, it was disclosed that six members of the ve-nire had served on the jury which convicted the appellant’s co-defendant two days earlier. On questioning by the trial judge, five of those veniremen answered that they had formed a fixed opinion as to the appellant’s guilt. The trial court granted the appellant’s challenge for cause, and the five were excused.
The sixth venireman, Phillip Norris, indicated that he had no fixed opinion and could consider the evidence in the instant case impartially even though he had served on the jury which convicted the appellant’s co-defendant two days earlier. The trial court denied the appellant’s challenge for cause as to Norris, thereby committing reversible error.
“The law, common and statutory, is careful to exclude from the jury-box a juror who has, in any degree prejudged the issue he is to try; or who is under any *CCXLI bias, or want of impartiality, which would prevent him from hearing, trying, and determining fairly . . . . The impartiality of the jury-box, the purity of the administration of justice, would require it.” Smith v. State, 55 Ala. 1 (1876).
In Morris v. McClellan, 169 Ala. 90, 53 So. 155 (1910), after quoting from Smith, supra, our Supreme Court stated:
“. . . If a juror has acted in a previous case, whether the parties are identical or not, but which involved the controverted facts in the present case, whether there was a verdict or a mistrial, he cannot be considered an impartial juror upon the consideration of the same facts in a succeeding trial and should be excluded, notwithstanding these facts did not give a special statutory ground of challenging..."
(Citations omitted.)
See also: Stover v. State, 204 Ala. 311, 85 So. 393 (1920); Hill v. State, Ala.Cr.App., 348 So.2d 848, cert. denied, Ala., 348 So.2d 857 (1977); Crowden v. State, 41 Ala.App. 421, 133 So.2d 678 (1961).
“The fact that these jurors stated on their voir dire that they had formed no opinion as to the guilt or innocence of the defendant and that they could and would act impartially and fairly upon the matters to be submitted to them, was wholly immaterial.
“They could not be the judges of their own impartiality. They had received the evidence in the former case in the most solemn form and rendered a verdict. They had thus formed and expressed an opinion on some of the facts . on which this defendant was to be tried, and were therefore disqualified. . . .” Scrivener v. State, 63 Okl.Cr. 418, 75 P.2d 1154 (1938)
REVERSED AND REMANDED.
All the Judges concur.